# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TROY L. MAYFIELD,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**DIRECTOR, DEPT. OF** )<br>**CORRECTIONS,** )<br>)<br>Respondent. ) | Case No. 7:15CV00020<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |

*Troy L. Mayfield, Pro Se Petitioner.*

Troy L. Mayfield, a Virginia inmate proceeding pro se, has filed a pleading that he styles as "PETITIONER'S MOTION FOR EXTENSION OF TIME INVOLVING TRIGGERING DATE TO FILE PETITON IN SAID COURT." The court liberally construed and filed Mayfield's motion as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Because Mayfield's current submission does not state any legal claims for relief, however, I find that the § 2254 action opened by the court based on this submission must be dismissed without prejudice, and Mayfield's motion for extension to file a § 2254 petition must be denied.

Under 28 U.S.C. § 2244(d), a habeas petition challenging a state court judgment must normally be filed within one year from the date on which the

petitioner exhausted opportunities for direct appeal, including the option to file a Petition for a Writ of Certiorari in the United States Supreme Court.[1] For a district court to have jurisdiction over a motion seeking an extension of the § 2244(d) filing period, that motion must either be filed concurrently with or after the habeas petition itself, or the motion itself must be construed as a § 2254 petition. *See, e.g., Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006) (regarding motions seeking an extension of the similar time limit to file habeas claims under 28 U.S.C. § 2255). "'[W]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a [habeas] claim . . . a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive [petition] for relief.'" *Id.* (quoting *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001)). In this case, Mayfield's motion seeking an extension does not allege any cognizable claim for relief under § 2254 and, thus, is not amenable to being construed as a substantive § 2254 petition.

Accordingly, I will deny the petition and motion by separate final order.[2]

---

[1] Under § 2244(d)(2), the one-year clock stops, however, during properly filed state court habeas proceedings.

[2] State court records available online indicate that Mayfield was convicted in 2011 in the Southampton County Circuit Court of murder and related charges. He pursued appeals to the Court of Appeals of Virginia and then to the Supreme Court of Virginia, which refused his appeal on September 21, 2012. Online records also indicate that Mayfield then filed an unsuccessful habeas petition in the circuit court in August 2013, and that the Supreme Court of Virginia denied his habeas appeal on November 21, 2014. Based on this record, it appears that Mayfield still may have time in which to file a

-2-

DATED: January 20, 2015

/s/  James P. Jones
United States District Judge

---

§ 2254 petition stating his claims for habeas relief.  He is advised, however, that because Southampton County is located within the geographical jurisdiction of the United States District Court for the Eastern District of Virginia, he should submit his completed § 2254 petition to that court as soon as possible.